✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

2:25 pm, Apr 28 2021
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

HMG/DB: USAO#2021R00058

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.**   TDC 21-cr-129 |
| | : | |
| v. | : | **(Gratuity Paid To A Public Official,** |
| | : | **18 U.S.C. § 201(c)(1)(A); Forfeiture,** |
| **BRUCE THOMAS,** | : | **18 U.S.C. § 981(a)(1)(C), 21 U.S.C.** |
| | : | **§ 853(p), 28 U.S.C. § 2461(c))** |
| **Defendant.** | : | |

...oOo...

## INFORMATION

### COUNT ONE – GRATUITY PAID TO A PUBLIC OFFICIAL

The Acting United States Attorney for the District of Maryland charges:

### INTRODUCTION

At times material to this Information:

1. **Defendant BRUCE THOMAS ("THOMAS")** was a resident of Montgomery County, Maryland.

2. **THOMAS** owned, operated, and controlled Pinnacle Orthopedic Services, Inc. ("Pinnacle"), which was a business located in Germantown, Maryland.

3. From at least in or about 2012 to in or about 2019, Pinnacle provided prosthetics and orthotics materials to the Prosthetics and Orthotics Department at Walter Reed National Military Medical Center ("Walter Reed") in return for payments from the government.

4. Walter Reed was the largest joint military medical center in the United States.

1

5. Walter Reed was located in Bethesda, Maryland. Prior to 2011, the Prosthetics and Orthotics Department was part of the Walter Reed Army Medical Center and located in the District of Columbia.

6. Walter Reed was part of the Department of Defense, which was part of the executive branch of the United States Government.

7. Walter Reed provided orthotic and prosthetic services to U.S. service members and their dependents, including wounded soldiers.

8. From in or about 2009 until in or about May 2019, DAVID LAUFER ("LAUFER") was a public official and civilian employee of the Department of Defense, who worked as the Chief of the Prosthetics and Orthotics Department at Walter Reed, and represented Walter Reed in ordering and purchasing prosthetics and orthotics materials, including with respect to purchases from Pinnacle.

9. A Blanket Purchase Agreement ("BPA") was a simplified government contracting method that allowed a government department to obligate funds to purchase materials so that employees could order materials without charging a credit card each time or engaging in a formal contract for each purchase of materials.

10. From in or about 2011, and continuing until in or about 2017, **THOMAS** regularly interacted with LAUFER about Pinnacle's business with Walter Reed, including the award of BPAs, future BPA funding, orders charged against the BPAs, and fulfillment of orders.

11. From in or about 2012, and continuing until in or about 2017, Pinnacle received multiple BPAs from Walter Reed, pursuant to which the Prosthetics and Orthotics Department at Walter Reed ordered and purchased a significant amount of prosthetics and orthotics materials from Pinnacle.

12. From in or about 2012, and continuing until in or about 2017, Pinnacle purchased prosthetics and orthotics materials from other manufacturers and distributors, and resold the materials to the Prosthetics and Orthotics Department at Walter Reed.

13. From in or about 2012, and continuing until in or about 2017, the prosthetics and orthotics materials that Pinnacle sold to Walter Reed were often delivered directly from the manufacturers and distributors to Walter Reed.

14. From in or about 2012, and continuing until in or about 2017, employees of Walter Reed repeatedly initiated orders for materials from Pinnacle.

15. From in or about 2012, and continuing until in or about 2017, **THOMAS** directly and indirectly, gave, offered, and promised to provide things of value to LAUFER.

16. From in or about 2012, and continuing until in or about 2016, **THOMAS**, LAUFER and others went on trips outside the Washington metropolitan area that were paid for in whole or in part by **THOMAS**.

17. From in or about 2012, and continuing until in or about 2016, **THOMAS** provided LAUFER with cash.

18. From in or about 2011, and continuing until in or about 2017, Pinnacle received more than $20 million for prosthetics and orthotics materials from the Prosthetics and Orthotics Department at Walter Reed.

19. From in or about 2012, and continuing until in or about 2017, LAUFER repeatedly engaged in official acts in connection with ordering materials and causing the ordering of materials from Pinnacle, including but not limited to the following:

a) In or about September of 2012, LAUFER requested funding for more than $1 million of prosthetics and orthotics materials purchased from Pinnacle during September 2012.

b) On or about August 5, 2014, LAUFER sent an email to the Walter Reed contracting office, writing that "BPA 10-A-0071" to Pinnacle needed to be "renew[ed]" for "575,000."

c) On or about March 23, 2015, LAUFER ordered and caused orders to be sent for prosthetics and orthotics materials to Pinnacle.

d) On or about May 4, 2015, LAUFER requested and caused to be sent a purchase request document, and Pinnacle thereafter received a BPA with a funding limit of more than $5 million.

e) On or about May 6, 2015, LAUFER ordered and caused Walter Reed to order more than $1 million of materials from Pinnacle.

f) On or about September 26, 2015, LAUFER requested and caused to be sent a request for more than $1 million of materials from Pinnacle.

g) In or about 2015, LAUFER caused the Prosthetics and Orthotics Department at Walter Reed to obligate more than $5 million to Pinnacle for prosthetics and orthotics materials.

h) On or about May 26, 2016, LAUFER requested and caused to be sent a purchase request document, to fund additional purchases of more than $1 million from Pinnacle pursuant to an existing BPA.

## THE CHARGE

20. On or about May 15-18, 2016, in the District of Maryland and elsewhere, the defendant,

**BRUCE THOMAS,**

did directly and indirectly give, offer and promise things of value to a public official, namely air travel benefits to and from Tampa International Airport, and other benefits while in Tampa, Florida, otherwise than as provided by law for the proper discharge of official duties, for and

because of an official act performed and to be performed by such official, that is for and because of LAUFER's official acts as the Chief of the Prosthetics and Orthotics Department at Walter Reed and LAUFER's official acts in connection with the purchase of prosthetics and orthotics materials from Pinnacle.

18 U.S.C. § 201(c)(1)(A)

## FORFEITURE ALLEGATION

The Acting United States Attorney for the District of Maryland further alleges that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(c), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Information.

### Gratuities Forfeiture

2. Upon conviction of the offense alleged in this Information, the defendant,

**BRUCE THOMAS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. §§ 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date:   4-28-21

*Jonathan F. Lenzner/hg*
JONATHAN F. LENZNER
Acting United States Attorney